RONALD P. SLATES   State Bar #43712
SHELLEY M. GOULD   State Bar #72449
RONALD P. SLATES, P.C.
500 S. Grand Avenue, Biltmore Tower Suite 2010
Los Angeles, California 90071
(213) 624-1515 / FAX (213) 624-7536
rslates2@rslateslaw.com
sgould@rslateslaw.com

Attorneys for Plaintiffs and Judgment Creditors  John (Beau) Billingslea and Cecelia Billingslea

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JOHN (BEAU) BILLINGSLEA, an individual and CECELIA BILLINGSLEA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>HOWARD M. SILVERSTEIN, individually and doing business as H. SILVERSTEIN AND COMPANY CPA; MARKAY FINANCIAL CORPORATION, a California corporation and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE No. 2:21-cv-09369-DMG(RAOx)<br><br>**EX PARTE APPLICATION WITHOUT NOTICE FOR A PRIVATE PLACE AND ENTRY ORDER FOR THE PURPOSE OF THE U.S. MARSHAL TAKING POSSESSION OF THE VEHICLES OF DEFENDANT/ JUDGMENT DEBTOR HOWARD M. SILVERSTEIN LOCATED IN THE PARKING LOT AT 4881 BIRCH STREET, NEWPORT BEACH, CALIFORNIA 92660 AND SUBSTITUTE CUSTODIANS ORDER IN AID OF ENFORCEMENT OF JUDGMENT PURSUANT TO WRIT OF EXECUTION; MEMORANDUM OF POINTS AND AUTHORITIES** AND THE DECLARATIONS OF RONALD P. SLATES AND CARL KNAPP IN SUPPORT THEREOF<br><br>Date: TBD<br>Time: TBD<br>Crtrm: 590, 5th Floor<br>Place: 255 E. Temple St.<br>           Los Angeles, CA 90012<br><br>Judgment entered February 2, 2023 |

Page 1

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution

**To the Honorable Rozella A. Oliver, Magistrate Judge:**

Plaintiffs and Judgment Creditors JOHN (BEAU) BILLINGSLEA, an individual and CECELIA BILLINGSLEA, an individual (hereafter "Judgment Creditors BILLINGSLEA") respectfully request the following ex parte orders pursuant to *Federal Rules of Civil Procedure, Rules 64, 65* and *69, California Code of Civil Procedure §§ 699.030, 700.030, 700.070* and *Local Rule 7-19.2.* , **without prior notice**, in aid of execution on their judgment pursuant to a writ of execution against Defendant and Judgment Debtor HOWARD M. SILVERSTEIN, individually and doing business as H. SILVERSTEIN AND COMPANY CPA (hereafter "Judgment Debtor SILVERSTEIN"):

1) a Private Place Order instructing the U.S. Marshal to enter the public accessible parking lot of Extended Stay America located at 4881 Birch Street, Newport Beach, California 92660 for the purpose of seizing and taking possession of those certain vehicles belonging to Judgment Debtor SILVERSTEIN more particularly described as a black 2014 Porsche Cayenne bearing California license #7DXR878 and VIN #WP1AF2A29ELA41388; a yellow 2015 Porsche 911 Convertible bearing California license #CPTSIL and VIN #WP0CA2A91FS137089; and a 2007 Aston Martin Convertible bearing California license #7LPZ971 and VIN #SCFAB02A87GB06884.

2) a Substitute Custodians Order appointing Recovery Specialist Insurance Group, Inc dba Without Pinkslip and Anaheim Fullerton Towing to take possession of the aforesaid vehicles when seized by the U.S. Marshal pursuant to levy.

The black 2014 Porsche Cayenne is located as of May 22, 2023 in the parking lot of the Extended Stay America where Judgment Debtor SILVERSTEIN is presently residing in Unit 132 after vacating his prior residence located at 11 Benicia, Irvine, California 92602. *See* Declaration of Carl Knapp (hereafter "Knapp Decl."),¶¶9,12 and 14. Judgment Debtor SILVERSTEIN is known to drive

Page 2

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution

the other vehicles and has the ability to alternate between said vehicles on any given day.

The Ex Parte Orders which are sought, **without prior notice**, are in aid of a Default Judgment entered against Judgment Debtor SILVERSTEIN on February 3, 2023 which is wholly unsatisfied. *See* Declaration of Ronald P. Slates (hereafter "Slates Decl."), Exhibit "1" which is a true and correct copy of the Default Judgment of February 3, 2023.

There is a great risk that the aforesaid vehicles which are mobile by nature will be hidden, stored at an unknown location, removed from the Court's jurisdiction or disposed of by sale or transfer by Judgment Debtor if given notice of this Application. No other assets have been discovered to satisfy the Judgment *See* Knapp Decl,¶¶8 and 11.

Judgment Creditors BILLINGSLEA seek a waiver of compliance with *Local Rule 7.19-1* because when taken together, giving notice of this ex parte Application to Judgment Debtor SILVERSTEIN would render the orders fruitless for the following reasons:

1) This matter stems from fraudulent misrepresentations made by Judgment Debtor SILVERSTEIN to obtain money for financial investment from Judgment Creditors BILLINGSLEA which Judgment Debtor SILVERSTEIN had no intention of investing said monies or paying a return. His actions were part of a "Ponzi" scheme to which Judgment Creditors BILLINGSLEA were only one of his victims. *See* Slates Decl.¶12. After being served with the summons and complaint in this matter, Judgment Debtor SILVERSTEIN made no effort to participate in the litigation. *See* Slates Decl.¶13. Due to his lack of participation, a default judgment was entered on February 3, 2023. *See* Slates Decl.¶14; Exhibit "1".

2) Judgment Debtor SILVERSTEIN has made no attempt to satisfy the Judgment. *See* Slates Decl.¶23. Judgment Debtor still retains possession of the

Page 3

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution

three vehicles which are luxury models.

3) Judgment Creditors BILLINGSLEA are justifiably fearful that if given notice, Judgment Debtor SILVERSTEIN will hide, conceal, remove, transfer or sell the vehicles to a third party without notice to Judgment Creditors. The vehicles are the only assets that Judgment Creditors have been able to discover to satisfy their judgment. *See* Slates Decl.¶31.

4) The ex parte assistance of this Court is necessary to enforce the Judgment since Judgment Debtor SILVERSTEIN has failed to voluntarily turn over possession of these vehicles. *See* Slates Decl.¶27. Judgment Creditors BILLINGSLEA have the right to levy on the personal property of Judgment Debtor to satisfy their judgment. *Federal Rule of Civil Procedure 64;California Code of Civil Procedure §§ 699.030;700.030,*

This Ex Parte Application is based upon the Memorandum of Points and Authorities, the Declarations of Ronald P. Slates, and Richard Carl Knapp in Support thereof, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed by this Court.

DATED:   May 26, 2023

Respectfully submitted,

RONALD P. SLATES,
A PROFESSIONAL CORPORATION

By: _/s/ RONALD P. SLATES

Ronald P. Slates, State Bar #43712
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue, Biltmore Tower
Suite 2010, Los Angeles, California 90071
Telephone: (213) 624-1515

*Attorneys for Plaintiffs and Judgment Creditors* JOHN (BEAU) BILLINGSLEA, an individual and CECELIA BILLINGSLEA, an individual

Page 4

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution

MEMORANDUM OF POINTS & AUTHORITIES

1. **PROCEDURAL HISTORY**

Judgment Creditors BILLINGSLEA obtained a Default Judgment in this matter on February 3, 2023 against Judgment Debtor SILVERSTEIN individually and doing business as H. SILVERSTEIN AND COMPANY CPA and MARKAY FINANCIAL CORPORATION, a California corporation which stemmed from filing a complaint alleging that Judgment Debtor SILVERSTEIN fraudulently induced Judgment Creditors to invest monies with him for a stated return. [Doc. No. 16 and 25] *See* Slates Decl., ¶¶ 10 and 11; Exhibit "1". The monies were never invested by Judgment Debtor SILVERSTEIN nor did he pay a return on Judgment Creditors' investment. Judgment Debtor SILVERSTEIN's fraudulent conduct was part of a " Ponzi" scheme of which Judgment Creditors were victims. *See* Slates Decl., ¶12.

Judgment Debtor SILVERSTEIN acknowledged that he owes Judgment Creditors BILLINGSLEA the monies represented by the Default Judgment but to date, the Judgment remains wholly unsatisfied. *See* Slates Decl., ¶14.

A Writ of Execution was issued on March 7, 2023 in the amount of $257,032.37. [Doc. No. 66] *See* Knapp Decl.,¶ 7, Exhibit "5". Bank levies were performed by Judgment Creditors BILLINGSLEA on March 14, 2023 but all but one were returned with no funds found. *See* Knapp Decl., ¶8.

Through the return of a Memorandum of Garnishee from Wells Fargo Bank, Judgment Creditors BILLINGSLEA discovered a new mailing address for Judgment Debtor SILVERSTEIN at Extended Stay America. *See* Knapp Decl.,¶9; Exhibit "6". On April 12, 2023, Counsel for Judgment Creditors BILLINGLEA's in house investigator, Richard Carl Knapp aka Carl Knapp ("Carl Knapp") went to the former rental address of Judgment Debtor SILVERSTEIN located at 11 Benicia, Irvine, California where Mr. Knapp had previously viewed Judgment Debtor's 2015 yellow

Page 5

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution

Porche 911 in the garage on November 11, 2021. Mr. Knapp was informed by the new Asian resident of that address that Judgment Debtor SILVERSTEIN was no longer living there and Judgment Debtor had left owing the landlord money. *See* Knapp Decl.,¶13.

On the same date, April 12, 2023, Mr. Knapp proceeded to Extended Stay America located at 4881 Birch Street, Newport Beach, California 93660 and spotted Judgment Debtor SILVERSTEIN's 2014 Porsche Cayenne, License #7DXR878 parked in a handicapped parking spot in the adjacent publicly accessible parking lot. *See* Knapp Decl., Exhibit "8". The other two cars were not present. The 2014 Porsche Cayenne was still parked in the same handicap parking space in the parking lot on May 22, 2023. *See* Knapp Decl., Exhibit "9".

As will more fully be argued, there is a serious risk that the aforesaid vehicles will become inaccessible to the Judgment Creditors BILLINGSLEA if the ex parte relief is not granted.

## 2. **LEGAL AUTHORITY FOR EX PARTE RELIEF**

A. *Federal Rule of Civil Procedure, Rule 64(a)* provides:

> "(a) Remedies Under State Law - In General. At the commencement of and throughout an action, every remedy is available that, under state law where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."

The procedure for execution of judgments, including proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution, is the practice and procedure of that state in which the district court is held. *See FRCP 64.*

B.  JUDGMENT CREDITORS ARE ENTITLED TO AN ORDER DIRECTING DELIVERY OF PERSONAL PROPERTY LOCATED

Page 6

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution

IN A PRIVATE PLACE IN AID OF EXECUTION ON JUDGMENT AND FOR ISSUANCE OF AN ORDER INSTRUCTING THE U.S. MARSHAL TO ENTER PRIVATE PROPERTY WHERE JUDGMENT DEBTOR IS RESIDING BUT IS PUBLICLY ACCESSIBLE FOR THE PURPOSE OF TAKING POSSESSION OF SAID PERSONAL PROPERTY.

Section *699.030* of the *California Code of Civil Procedure* states, in pertinent part:

> "If personal property sought to be levied upon is located in a private place of the judgment debtor:
>
> . . .
>
> (b) The judgment creditor may apply to the court **ex parte**, or on noticed motion if the court so directors or a court rule so requires, for an order directing the levying officer to seize the property in a private place. The application may be made whether or not a Writ has been issued and whether or not demand has been made pursuant to subdivision (a). The application for the order shall describe with particularity both the property sought to be levied upon, and the place where it is to be found, according to the best knowledge, information and belief of the judgment creditor. The court may not issue the order unless the judgment creditor establishes that there is probable cause to believe that property sought to be levied upon is located in the place described. The levying officer making the levy, at the time delivery of the property pursuant to the order is demanded, shall announce his or her identity, purpose and authority."

Section *700.030* of the *California Code of Civil Procedure* states, in pertinent part, as follows:

> "Unless another method of levy is provided by this article, to levy upon tangible personal property in the possession or under the control of the judgment debtor, the levying officer shall take the property into custody".

Good cause exists to issue a private place order without prior notice because Judgment Debtor SILVERSTEIN's vehicles are mobile in nature and they can be easily disposed, removed, concealed, transferred and/or sold to a third party without notice to Judgment Creditors. A sufficient showing has been made that a private place order for entry onto the publicly accessible parking lot of Extended Stay America is necessary and appropriate to preserve and protect the property by having possession of said vehicles given to the U.S. Marshal.

### C. THE COURT HAS AUTHORITY TO ISSUE EX PARTE SEIZURE ORDERS WITHOUT NOTICE.

*United States District Court, Central District*, *Local Civil Rule 7-19.2* provides that:

> "if a judge to whom the application finds that the interest of justice requires that the ex parte application be heard without notice (which in the instance of a TRO means the requisite showing under *F.R. Civ.P.65(b)* has been made), the judge may waive the notice requirement of *L.R. 7-19.1*".

*F.R.Civ.P.65(b)* provides that a TRO may be granted without notice to the adverse party if specific facts in the affidavit show irreparable injury will result before the adverse party can be heard in opposition and the movant's authority gives reasons why the notice shouldn't be required.

Judgment Creditors BILLINGSLEA have made the requisite factual showing to obtain a seizure order. Giving notice, will make the levy a futile measure. The vehicles are the only assets of Judgment Debtor SILVERSTEIN that Judgment Creditors BILLINGSLEA have been able to locate. *See* Slates Decl.¶31. Due their mobile nature, the vehicles can be easily concealed, removed or transferred to a third

party thus making the vehicles unavailable for levy thereon to satisfy Judgment Creditors BILLINGSLEA's Judgment.

D. **JUDGMENT CREDITORS ARE ENTITLED TO A SUBSTITUTE CUSTODIAN ORDER.**

*United States District Court for the Central District of California*, *Local Civil Rule 64-2*, provides in pertinent part:

> "Any Writ or other process for seizure in a civil action shall only be directed to, executed and returned by the United States Marshal . . . or a private person specially appointed by the Court for that purpose. Unless otherwise relieved by the Court, an attorney for the seizing party must be available to the seizing officer at the time of the seizure."

An Order for Substitute Custodians is also requested and needed because although the U.S. Marshal will seize personal property, the U.S. Marshal will not take possession after such seizure. Knapp Decl.,¶16. Therefore, Judgment Creditors BILLINGSLEA request that this Court issue an Order for Substitute Custodians, substituting Recovery Specialist Insurance Group, Inc dba Without Pinkslip and Anaheim Fullerton Towing to take possession, move and store the described vehicles once the same is seized by the U.S. Marshal until lawfully sold at auction by the U.S.Marshal.

Furthermore, pursuant to the instructions from the United States Marshal, the U.S. Marshal requires, that if a substitute custodian is named for the U.S. Marshal, that the Court's Order granting the Substitute Custodian include language holding the U.S. Marshal harmless for any damages incurred as a result of the seizure while the property is in the substitute custodian's custody.

3. **CONCLUSION**

For these reasons, Judgment Creditors BILLINGSLEA respectfully request that the Court issue a Private Place and Entry Order, and Substitute Custodians

Page 9

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution

Order in connection with the levy pursuant to Writ of Execution of the following described vehicles belonging to Judgment Debtor SILVERSTEIN located in the parking lot of Extended Stay America at 4881 Birch Street, Newport Beach, California 92660:

    1) a black 2014 Porsche Cayenne bearing California license #7DXR878 and VIN #WP1AF2A29ELA41388;

    2) a yellow 2015 Porsche 911 Convertible bearing California license #CPTSIL and VIN #WP0CA2A91FS137089; and

    3) a 2007 Aston Martin Convertible bearing California license #7LPZ971 and VIN #SCFAB02A87GB06884.

DATED: May 26, 2023        Respectfully submitted,

RONALD P. SLATES
A PROFESSIONAL CORPORATION

By: /s/ RONALD P. SLATES

Ronald P. Slates, State Bar #43712
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue, Biltmore Tower
Suite 2010, Los Angeles, California 90071
Telephone: (213) 624-1515

*Attorneys for Plaintiffs and Judgment Creditors* JOHN (BEAU) BILLINGSLEA, an individual and CECELIA BILLINGSLEA, an individual

Plaintiffs and Judgment Creditors BILLINGSLEA's Ex Parte Application for Private Place and Forcible Entry Order and Substitute Custodian Order Pursuant to Writ of Execution